**Crouse v. Crouse**

*David B. Reiss,* for plaintiff.
*Bert M. Moldovan,* for defendant.

FRANKS, *J.,* March 19, 1993—The issue presented us arises from defendant's petition to modify an order suspending his obligation to pay college support to plaintiff, but directing that he continue to pay on the arrearages totalling $4,515. After hearing de novo, and due consideration of the law and briefs of counsel, we find that the initial support order was valid and enforceable when entered, and the order of December 18, 1992, shall remain in full force and effect.

## BACKGROUND

The parties to this action are father and daughter. By order of January 15, 1992, defendant was directed to pay college support to plaintiff in the amount of $400 per month in addition to maintaining hospitalization coverage on her. That order was subsequently modified to reduce the support to $300 per month and no longer to require defendant to provide health insurance coverage. Defendant was also ordered to pay $50 per month toward the accumulated arrearages.

Defendant then filed another petition to modify, requesting that the court terminate his obligation pursuant to the recent Supreme Court ruling in *Blue v. Blue,* 532 Pa. 521, 616 A.2d 628 (1992). Upon the recommendation of the Domestic Relations Office, this court ordered, based on *Blue,* that plaintiff's college support be suspended. We further directed that defendant pay $300 per month against the $4,515 in arrearages that have accrued up to the decision date of *Blue.*

Subsequent to that order of December 18, 1992, defendant requested a de novo hearing to determine whether the arrearages should be forgiven in light of the *Blue* decision. The *Blue* opinion gives us no guidance on the issue of accrued arrearages. There is a paucity of authority among the common pleas courts, and this appears to be a matter of first impression in Fayette County.

## DISCUSSION

The Pennsylvania Supreme Court recently held in *Blue* that the parental duty of support terminates when the child reaches 18 or graduates from high school, whichever occurs later. In *Blue,* the court stated that there is no case law or statutory authority for the imposition of parental duty to provide post-secondary educational support of a child. Defendant urges this court to interpret *Blue* so as to hold any prior order directing a party to pay college support to be invalid and unenforceable. Therefore, defendant's arrearages must be forgiven in light of *Blue.* We decline to read *Blue* so broadly.

The initial support order, when entered, was valid and enforceable. The current support obligation was duly terminated following the decision in *Blue,* but defendant was ordered to continue paying on arrearages. Although the holding in *Blue* is specific that there is no parental duty of support for post-secondary education, the Supreme Court gives no guidance to the common pleas courts concerning the enforceability of prior orders which direct a delinquent party to continue to pay on arrearages that accrued to the date of *Blue.*

Absent clear authority to the contrary, we will not give the decision in *Blue* retroactive effect. Therefore, we will not discharge defendant's obligation to pay arrearages that accrued when he failed to abide by previous valid court orders directing him to pay college support to plaintiff.

Wherefore, we enter the following

## ORDER

And now, March 19, 1993, it is hereby ordered and directed that the order entered on December 18, 1992, upon the recommendation of the Domestic Relations Office shall continue in full force and effect.